**AMERICAN SAMOA GOVERNMENT, Plaintiff**

**v.**

**ESTATE OF FUIMAONO TUINANAU, SAPATI FUIMAONO, ESTATE OF ISUMU LEAPAGA, TUI TULIMASEALII, MATIUA TULIMASEALII, TAPUOLO TANIELU, IONA LAINEI, ETI LEFEILOAI, FEAGI LEFEILOAI, and DOES 1-10, Defendants**

High Court of American Samoa
Land and Titles Division

LT No. 30-94

December 6, 1995

Before RICHMOND, Associate Justice, BETHAM, Associate Judge, and SAGAPOLUTELE, Associate Judge.

Counsel: For Plaintiff, Henry W. Kappel, Assistant Attorney General

For Defendants Estate of Isumu Leapaga, Tui Tulimasealii, and Matiua Tulimasealii, Afoa L. Su'esu'e Lutu

Order Denying Motion for Reconsideration or New Trial:

## BACKGROUND

On September 5, 1995, this court granted summary judgment to plaintiff American Samoa Government ("ASG") and, *inter alia*, evicting defendants from a parcel of land known as Plot 3, which had been condemned for development of the Pago Pago International Airport. Defendants Estate of Isumu Leapaga, Tui Tulimasealii and Matiua Tulimasealii ("the defendants") have challenged that judgment by this motion for reconsideration or new trial. The motion was heard on November 1, 1995, with counsel present.

The defendants' motion for reconsideration or new trial simply reiterates arguments which were already made in their opposition to summary judgment. First, they claim that they have not been justly compensated for Isumu Leapaga's land which was incorrectly adjudged as belonging to the Fagaima family, not to Isumu. As we stated in granting summary judgment, however, this issue was decided in *American Samoa Government v. Isumu*, 4 A.S.R. 141 (Land & Titles Div. 1974), and is barred by *res judicata*.

Second, the defendants assert that they are entitled to compensation for their improvements to their land. Again, we stated the legal rule in granting summary judgment. A party is not entitled to compensation for improvements to land unless they are a good faith possessor. *Tulisua v. Olo*, 8 A.S.R.2d 169, 172 (App. Div. 1988). A good faith possessor must have a reasonable belief that he holds valid title to the property. *See id.* When he learns that he has no title or that the title is defective, he is no longer acting in good faith. Isumu Leapaga knew at least since the date of the *Isumu* judgment in 1974, and probably much longer, when the condemnation judgment was affirmed on appeal, AP No. 11-1960, that he had no title to the land in question.

Even if the defendants made improvements with the permission of the government, as they claim, the most this does is preserve the improvements as chattel rather than as fixtures. *See* 35 AM. JUR. 2D *Fixtures* § 80 (2d ed. 1967). As chattel owners, the defendants have the right to dispose of their property as they see fit. *See id.* § 79. They may not, however, force a sale of the property upon ASG, the landowner. In granting summary judgment, we gave the defendants 60 days to remove from the land any improvements, fixtures or other possessions which

115

they own.  ASG will acquire title to any such property not removed within this time.  We reaffirm that order now.

Thus, the defendants have presented no grounds for granting reconsideration or a new trial.  Their motion is denied.

It is so ordered.